JOHN O. YEISER V. JOHN T. CATHERS ET AL.

FILED FEBRUARY 22, 1905.  No. 13,916.

1. **Void Execution.** An execution issued on a satisfied judgment is void.

2. **Void Garnishment.** Where a fund is in the hands of the clerk of the district court which has been obtained by a void garnishment proceeding, the court should direct such funds to be returned to the garnishee.

ERROR to the district court for Douglas county: WILLARD W. SLABAUGH, JUDGE. *Reversed.*

*John O. Yeiser, pro se.*

*John T. Cathers* and *Byron G. Burbank, contra.*

OLDHAM, C.

Defendant in error John T. Cathers claimed to have an unsatisfied judgment against one Phœbe Linton. He had an execution issued in aid thereof and had process of garnishment against one William C. Potter as receiver of the Omaha Loan & Trust Company. Potter answered showing that as receiver he was indebted to the defendant Linton in the sum of $1,830.95 for rent of certain buildings occupied by him as such receiver. By order of court the garnishee was directed to pay to the clerk of the court this sum of money to aid the further order of the court. This he did. Afterwards and before the application of the money, the court found and determined that this pretended judgment had been satisfied before the proceedings in execution and garnishment had been begun, and canceled the judgment of record, but made no order touching the money of receiver Potter, which was in the hands of the clerk of the court. Consequently, the money paid in by Potter remained and still remains in the hands of the clerk of the court. The proceeding at bar is an

attempt to get possession of this money by the respective parties to this controversy.

Defendant in error Cathers asked the court by motion to give it to him, because he had obtained a later judgment against the Lintons. Plaintiff in error Yeiser intervened in the proceeding with a motion asking the court to direct the payment of the money to him as assignee of the Lintons. Receiver Potter was not made a party to the proceeding, nor was any process issued to bring in any party. Yeiser appeared as assignee of the Lintons voluntarily, but Potter was neither made a party to the transaction nor did he enter any appearance in the matter. On the issues arising between the plaintiff in error Yeiser and defendant in error Cathers, the court ordered the fund to be paid to the defendant in error; and to reverse this order John O. Yeiser brings error to this court.

We think the court below erred in making its order to pay this money to the defendant in error. Strictly speaking the fund was not *in custodia legis* after the original judgment had been canceled and the garnishment proceeding abated. The proceeding in aid of the satisfied judgment was a nullity. At this stage of the proceedings the court should have directed the money to have been returned to the garnishee. While it appeared from the answer of the garnishee that at the time of that proceeding he was indebted to the Lintons in the amount of money paid into court, yet there is nothing to show what the state of his account is with them at the present time. No claim against him in favor of the Lintons was adjudicated in the unauthorized garnishment proceeding, and it would seem that the only duty remaining for the court is to direct the repayment of the money to the garnishee, and that such should be the order unless, by proper averments in a proceeding to which the garnishee and others interested are made parties, it should be made to appear by one of the claimants that he is entitled to some legal or equitable claim to this fund.

We therefore recommend that the judgment of the dis-

trict court be reversed and the cause remanded for further proceedings in conformity with this opinion.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in conformity with this opinion.

                                                    REVERSED.