Yeiser v. Broadwell.

JOHN O. YEISER, APPELLANT, V. FRANK A. BROADWELL ET
                         AL., APPELLEES.

                 FILED FEBRUARY 20, 1908. No. 15,300.

Jury, Trial by.   In a law action a party is entitled to a jury trial as
     a matter of right.

   APPEAL from the district court for Douglas county: LEE
S. ESTELLE, JUDGE.  *Reversed with directions.*

   *John O. Yeiser, pro se.*

   *Byron G. Burbank, S. R. Rush* and *E. H. Scott, contra.*

   DUFFIE, C.

   Broadwell, one of the defendants, is clerk of the district
court for Douglas county, and came into possession of
the fund in controversy in this action through a garnish-
ment proceeding instituted by the intervener, Cathers.
Cathers had issued an execution upon a judgment which
he claimed to hold against Phœbe Linton, and which he
alleged was unsatisfied.  He caused W. K. Potter, as
receiver of the Omaha Loan and Trust Company, to be
garnished, and Potter paid into court a sum in excess
of $1,800, which he held as the property of Mrs. Linton,
and which it is conceded was derived from the rents of real
property which had once stood in the name of Mrs. Linton.
Upon the final hearing of the garnishment proceeding, the
court found that the judgment upon which such proceed-
ing was based had been satisfied, and an order was entered
directing the discharge of the garnishee, and that such
judgment be canceled of record.  No order was made
disposing of the money paid into the court by Potter, and
Broadwell continued in possession of the fund.   After-
wards Cathers filed a motion requesting the court to direct
the application of that money toward the satisfaction of
a later judgment that he had obtained against Mrs. Linton.

Yeiser asserted a claim to the money under an assignment of the fund from Mrs. Linton and her husband, and moved the court for an order directing its payment to him. The court heard the parties and ordered the fund applied toward the satisfaction of Cathers' judgment against Mrs. Linton, from which order Yeiser appealed to this court, where the same was reversed, the opinion stating that the court should order the money repaid to Potter, the garnishee, unless in a proper proceeding to which all parties in interest should be made parties it was made to appear that one of the present claimants was entitled to the fund. See *Yeiser v. Cathers,* 73 Neb. 317. After this opinion was handed down Yeiser commenced the present action, making Potter, receiver, and Broadwell, both in his individual capacity and as clerk of the district court, parties defendant. In his petition it is alleged that Mrs. Linton was the owner of certain real estate in Douglas county, for which the Omaha Loan and Trust Company was agent in the collection of rents; that in March, 1897, she conveyed the same to Kate Remnant, and Kate Remnant immediately conveyed the same to Adolphus F. Linton; that at the same time Adolphus F. Linton executed and delivered an instrument declaring that he held said property in trust under an antenuptial agreement for his wife, Mrs. Phœbe Linton, and her children; that afterwards the court appointed W. K. Potter receiver of the Omaha Loan and Trust Company, and that the receiver thereafter collected the $1,860 as rents from the said real estate after the same was conveyed as above stated; that in May, 1902, he was employed as attorney to attend to numerous cases pending against the Lintons and their real estate in Nebraska under an agreement that the rents derived from their real estate should be devoted to the payment of his fee, and giving him authority to collect and apply said rents. The petition further set up certain writings and orders by way of assignment of the fund here in controversy from the Lintons to Yeiser, and alleges that the defendants refuse to recognize his right to the fund and refuse pay-

ment to him. Judgment is asked against the defendants for the amount of the fund, with interest.

By leave of court Cathers, who had on the 23d of March, 1905, garnished Broadwell and Potter on the later judgment against Mrs. Linton, intervened in this action and filed an answer to the plaintiff's petition. His answer admits the conveyance of certain real estate from Mrs. Linton to Kate Remnant, and from Kate Remnant to Adolphus F. Linton, and alleges that said conveyance was made with the purpose and intent of defrauding Cathers, who was then a creditor of Mrs. Linton, as well as other of her creditors. It is further alleged that the purported assignment of the fund in controversy and of other rents arising from the real estate of the Lintons was made for the purpose of defrauding Mrs. Linton's creditors, and that the same is fraudulent and void as against the intervener's claim. Other matters alleged in the answer it will be unnecessary to notice further than to state that it does not present or raise any equitable issue relating to this fund. Broadwell and Potter both answered, disclaiming any right to the fund, and Mr. and Mrs. Linton answered, affirming their purported assignment of the fund to the plaintiff, Yeiser. The trial resulted in a judgment for the intervener, Cathers, and an order was issued directing the clerk to pay the fund to him to be applied upon his judgment against Mrs. Linton. Prior to entering upon the trial Yeiser demanded a jury, which the court refused, and proceeded to try the case without a jury. One of the errors relied on for a reversal is the refusal of the court to submit the issues to a jury, and this assignment of error must, we think, be sustained. In a law action a party is entitled to a jury trial as a matter of right. Const., art. I, sec. 6. *Lett v. Hammond*, 59 Neb. 339, and cases cited. Upon what theory the court refused a jury trial is not disclosed by the record or made plain in briefs of counsel. Each of the parties were seeking to reach this fund, one claiming by a written assignment made prior to the garnishment of the intervener, the other by legal pro-

ceedings which entitled him to the money, if in fact it was the money of Mrs. Linton and had not previously been assigned to the plaintiff. Neither of the parties claimed the fund by reason of any fact which could not be asserted and protected in a court of law, and no circumstance is disclosed which required the equitable interposition of the court. It is true that this fund was derived from rents arising from land after Mrs. Linton had parted with her paper title, and that Cathers was burdened with the necessity of showing that her conveyance was fraudulent as to him, but this might be shown in an action at law, as well as in an equitable proceeding. He was not asking to reach the land itself and to set aside the conveyance made by Mrs. Linton, which a court of equity alone could do. He was only required to show the fraudulent nature of the conveyances, if it was fraudulent, in order to enable the court to say that, while the title rested in her husband, the rents and profits derived from the land were her property and subject to the payment of her debts. The alleged fraudulent character of the assignment of the fund to Yeiser might be established in a court of law, as well as in an equity proceeding, and these were all facts upon which the plaintiff was entitled to the opinion of a jury.

As the case will have to be remanded for another trial, it would be improper for us to examine or express any opinion on the evidence contained in the record. For the error of the court in denying a jury trial, we recommend a reversal of the judgment, and that the cause be remanded to the district court, with directions to proceed in accordance with this opinion.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded to the district court, with directions to proceed in accordance with this opinion.

REVERSED.