**FIRST NATIONAL BANK IN CHESTER,
a corporation, Appellant,**

v.

**Richard F. CONNER and Helen I. Conner,
Respondents,**

**Conner Farms, Inc., a corporation, and Helen
I. Conner, Garnishees, Respondents.**

No. 34357.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 3, 1972.

Vogel & Frye by William H. Frye, Cape Girardeau, for appellant.

Finch, Finch, Knehans & Cochrane by Richard G. Steele, Cape Girardeau, for respondent and garnishee Helen I. Conner.

Buerkle, Buerkle & Lowes, by Joe T. Buerkle, Jackson, for respondent and garnishee Conner Farms, Inc.

KELLY, Judge.

This is an appeal from a judgment of the Cape Girardeau Court of Common Pleas setting aside a Summary Judgment entered by it on Counts II and III of the appellant's petition against both Richard F. Conner and Helen I. Conner for $2500.00 plus interest in the amount of $209.99, and attorney's fees in the amount of $406.25, in Count II of the petition, and for $1500.00, plus interest in the amount of $137.67 and attorney's fees in the amount of $245.65 in Count III, and the action of the trial court in quashing the garnishment in aid of execution against garnishees Conner Farms, Inc. and Helen I. Conner.

Appellant filed a three count petition against Richard F. Conner and Helen I. Conner (formerly husband and wife) in the Cape Girardeau Court of Common Pleas. Count I sought to register a foreign judgment which had been entered against both of the Conners in the Randolph County Circuit Court in the State of Illinois on two promissory notes which were also the subjects of Count II and Count III of the petition. Count II of appellant's petition was a claim against both of the Conners on a $2500.00 note. Count III was against them on a $1500.00 note. Attached to the bank's petition was an authenticated copy of the Illinois judgment and photo copies of the notes sued on in Counts II and III. The Illinois judgment was rendered on a "confession of judgment" in accordance with the terms of the two promissory notes sued on in Count II and III of the petition except it awarded an attorney's fee which exceeded the warrant of authority contained in the notes sued on.

Whether or not personal service was obtained on Helen I. Conner alone is unclear. However, on March 15, 1971, counsel for Helen I. Conner filed a general denial purportedly on behalf of both of the Conners. On March 23, 1971, appellant filed a motion for summary judgment, together with supporting affidavit and photocopies of the two notes. On April 7, 1971, after timely notice was given to the attorney of record for both respondents, appellant's counsel appeared in court and announced to the court that respondents' attorney had been present in court earlier that morning, stated that he would not oppose the motion for summary judgment and then took his leave. Appellant thereupon dismissed Count I of its petition without prejudice and the court sustained appellant's motion for summary judgment and entered judgment in behalf of appellant on both Counts II and III of the petition against both respondents. On April 8, 1971, appellant had a general execution issued and caused the sheriff to summon Conner Farms, Inc. and Helen I. Conner, as garnishees. Interrogatories were addressed to both of the garnishees and Conner Farms, Inc. in its answer to said interrogatories admitted that it "presently" owed respondent Richard F. Conner, $492.-26, and more money which was to become due in the future evidenced by a note payable to him. Appellant filed its reply to Conner Farms, Inc., answers to interrogatories admitting the correctness of all of garnishees' answers except as to a claimed set-off. Appellant asked for a judgment against the garnishee, Conner Farms, Inc., for the reason that garnishee's answer admitted indebtedness presently owing from the garnishee to the respondent Richard F. Conner and on account of further indebtedness to become payable to him in the future. Appellant then filed a motion for Summary Judgment against garnishee Conner Farms, Inc. and Conner Farms, Inc. filed a motion in opposition to appellant's motion for Summary Judgment and further moved to dismiss the garnishment for the reason, among others, that the judgment rendered in Illinois in favor of the bank was unenforceable in Missouri because: 1) it was rendered on "confession of judgment" notes; 2) appellant was a foreign corporation and could not sue in Missouri courts; and 3) for the further reason that it had already paid to the sheriff of Cape Girardeau County $492.26, all that was owing to respondent Richard F. Conner at that time under the terms of the note executed by the garnishee, and that it had been "discharged" by the sheriff on account of said payment.

The interrogatories directed to Mrs. Conner as garnishee were specifically directed to a note in her possession which was the property of Richard I. Conner. In her answers to the interrogatories, Mrs. Conner admitted possession of the note in the hands of her counsel. Appellant thereupon filed its reply admitting the correctness of Mrs. Conner's answers and moved for a summary judgment against her. Mrs. Conner filed a "Motion in Opposition" to appellant's motion for summary judgment and asked that these proceedings be dismissed and the execution and garnishment be quashed. In support of her motion she contends that since her former husband is in arrears in his support and alimony payments awarded to her in their divorce proceeding, she is entitled to an equitable lien for said support and alimony payments remaining unpaid. She further alleged that since appellant chose to obtain a judgment in the Illinois Court a "merger" was effected and appellant's only relief was to sue on that judgment.

On April 21, 1971, attorney of record for both respondents filed a "Motion for Leave to Withdraw as Attorney" requesting the court's permission to withdraw from the case as attorney for respondent Richard F. Conner and to withdraw the answer filed on Mr. Conner's behalf for the reason that there were matters in the case which conflicted with his duties as an Assistant Prosecuting Attorney. On that same date the court granted his motion and permitted him to withdraw as attorney for Mr. Con-

ner and also to withdraw the answer previously filed for Mr. Conner. This action was taken ex parte and subsequent to the entry of Summary Judgment against both of the respondents on Counts II and III of appellant's petition. On May 7, 1971, on motion of counsel for the appellant, the court struck from its order of April 21, 1971, the words, "and to withdraw any answer filed in his behalf".

On June 2, 1971, appellant's motion for Summary Judgment against both of the garnishees was taken up and argued. It was admitted by counsel for Mrs. Conner in open court that he had never been authorized by Mr. Conner to file any answer on behalf of Mr. Conner. Whereupon appellant's counsel stated that under those circumstances any judgment theretofore rendered against Mr. Conner was invalid. After argument the court entered its order from which this appeal is taken.

Appellant contends that the trial court erred in setting aside the judgment entered against respondent Helen I. Conner on April 7, 1971. Mrs. Conner has not appeared in this court, either pro se, or by counsel, nor has she favored the court with a brief. She has, according to a stipulation filed in the transcript on March 6, 1972, paid $3,000.00 on this judgment in open court to the First National Bank in Chester. Among several bases for its contention that the judgment should be reversed, appellant takes the position that the trial court had no power to set aside the judgment entered against Mrs. Conner because more than thirty days had passed since entry of that judgment. Civil Rule 75.01, V.A.M.R.

On May 26, 1971, after she had been served with interrogatories and filed her answers thereto, Mrs. Conner filed a motion in opposition to appellant's Motion for Summary Judgment against her as garnishee and a further motion to dismiss and quash execution. Although she had filed a general denial to appellant's petition she, at this time, raised a number of points, among which were: 1) that she had, pursuant to a valid execution and garnishment, recovered the sum of $5,000.00, toward a judgment entered in the divorce case wherein she was a plaintiff and her former husband was a defendant for past due alimony and support money and which sum was due on a promissory note payable to her former husband's order by Conner Farms, Inc.; 2) that the court should impress an equitable lien with respect to the aforesaid note for balances to become due at future dates as a set-off for past due alimony and child support payments which were unpaid; 3) that appellant, having obtained a judgment on the notes sued on in Counts II and III of its petition in the Circuit Court of Randolph County, Illinois, was barred from recovering on those same notes in this proceeding because said judgment constituted a merger and appellant had dismissed Count I of its petition seeking to register said foreign judgment, and for the further reason that said "Confession of Judgment Notes" were illegal, unenforceable and void in the State of Missouri; 4) that since the aforesaid judgments were void there could be no valid execution thereon; and, 5) that the note from Conner Farms, Inc., to Richard F. Conner was a nonnegotiable note subject to the terms of a contract and garnishment would deny her right to levy on said payments as they became due to satisfy the judgment she had against her husband for alimony and child support.

After the judgment of April 7, 1971, was entered against respondent Helen I. Conner on both Counts II and III of appellant's petition, the court had thirty days within which it retained control of the judgment and could have taken action without motion of any of the parties. Civil Rule 75.01, V.A.M.R. Respondent Helen I. Conner had fifteen days after the judgment was entered to file a motion for new trial. Civil Rule 78.02, V.A.M.R. Had such a motion been filed the court would then have had ninety days thereafter to act on said motion for new trial. Civil Rule 78.-04, V.A.M.R.

After judgment was entered execution and garnishment in aider thereof was issued on April 8, 1971, and on May 13, 1971, return of summons of garnishment on Mrs. Conner was filed showing that she had been personally served with summons of garnishment on April 13, 1971. On April 21, 1971, interrogatories were directed to Mrs. Conner and she filed her answers to same on May 11, 1971. It was not until May 26, 1971, when Mrs. Conner filed her motion in opposition to appellant's prayer for Summary Judgment against her on the garnishment, that she for the first time attempted to attack the validity of the underlying judgment previously entered. By now, both the time for filing a motion for new trial and the thirty day period within which the court, on its own motion, could have set aside the judgment, had expired.

■ When the judgment against Mrs. Conner was entered the court had personal jurisdiction over her since her counsel filed an answer in the nature of a general denial and personal jurisdiction attached whether she was personally served or not. Where a party makes an appearance and files an answer which does not constitute a special appearance for the purpose of attacking the jurisdiction of the court, the court then has personal jurisdiction over that party and may award a money judgment against said party. 5 Am.Jur.2nd, Appearance, § 16, p. 492; State ex rel. A.M.T., etc. v. Weinstein, Mo.App., 411 S.W.2d 267.

■ In her motion in opposition to appellant's Motion for Summary Judgment in the garnishment proceeding Mrs. Conner sought to have the garnishment quashed and the proceedings dismissed by contending that the underlying judgment on Counts II and III of the appellant's petition was invalid since a merger had taken effect when appellant obtained the Illinois judgment and there was, therefore, no cause of action existing with respect to the two promissory notes per se. The doctrine of merger has been described as identical to, and in some instances has been used interchangeably with, that of res adjudicata. 46 Am.Jur.2nd, Judgments, § 383, p. 552. Merger, like the doctrine of res adjudicata, is an affirmative defense in the underlying proceeding and should have been raised in answering the petition therein. Jones et ux. v. Des Moines and Mississippi River Levee District #1, Mo.App., 369 S.W.2d 865, 872. Civil Rule 55.10, V.A.M.R. Even had it been a valid defense to the underlying judgment, merger cannot be raised in the collateral proceeding nor in the motion to quash. A motion to quash an execution for alleged invalidity of the judgment on which it is based constitutes a collateral attack on the judgment, which does not reach alleged errors or irregularities prior to judgment and will lie only where the record affirmatively discloses that the judgment is void.

■■ Neither may a motion to quash be substituted for an appeal. McDougal v. McDougal, Mo.App., 279 S.W.2d 731, 740; State ex rel. Jones v. Reagan et al., Mo.App., 382 S.W.2d 426, 430. Therefore, having failed to assert the affirmative defense in her answer in the underlying cause of action, Mrs. Conner cannot raise it in her motion in opposition to appellant's motion for Summary Judgment in the garnishment proceedings as a basis for the trial court to set aside the underlying judgment against her. In view of the foregoing, that portion of the court's order setting aside the judgment entered on April 7, 1971, against Helen I. Conner must be reversed and remanded with instructions for the court to set aside its order of August 27, 1971, in this respect and reinstate the judgments on Counts II and III of appellant's petition against Mrs. Conner previously entered on April 7, 1971.

The action of the court below in quashing the execution directed to Conner Farms, Inc., and Helen I. Conner as garnishees of Richard F. Conner, however, was proper.

■ A garnishment is an ancillary remedy in aid of execution to obtain payment of a judgment. A valid judgment

and a consequent valid execution are indispensable prerequisites to a valid garnishment. Fulkerson v. Laird, Mo.App., 421 S.W.2d 523, 526. Where a judgment is void for lack of jurisdiction over the party or parties motion to quash execution issued thereon is a proper remedy. State ex rel. Jones v. Reagan et al., supra.

Here, jurisdiction was never obtained over respondent Richard F. Conner. If, as the court found and counsel for appellant admitted in open court, the attorney who filed an answer for Mr. Conner did so without Mr. Conner's permission, then Mr. Conner was never properly before the court. The record does not show personal service on Mr. Conner and any answer filed without his consent by counsel not retained by him to so answer does not confer jurisdiction over him in the trial court. McPike Drug Co. v. Wilson, Mo.App., 237 S.W. 1044, 1046. Therefore, it follows that the execution issued on the basis of a judgment void as to Mr. Conner was properly quashed on motion of the garnishees Conner Farms, Inc. and Mrs. Conner. State ex rel. Bair v. Producers Gravel Co. et al., 341 Mo. 1106, 111 S.W.2d 521, 523; Lohmann v. Lohmann, Mo.App., 246 S.W.2d 368, 371.

Appellant's next contention is that the court below erred in awarding attorney's fees to garnishee Conner Farms, Inc., because its answer constituted a partisan pleading inconsistent with the position of mere stake holder occupied by the garnishee. Where, however, the garnishee's creditor is not present a garnishee has the right and the duty to assert defenses or objections to the underlying proceedings against its creditor which are of a jurisdictional nature or which would render the underlying judgment void. 38 C.J.S. Garnishment § 199, pp. 434–436. In Hopkins v. Huff, 67 Mo.App. 394, 396, 397, the court said:

"It is the well settled law here and elsewhere that, where a judgment has been obtained against a garnishee's creditor which is void for want of jurisdiction in the tribunal rendering it, the garnishee is not only at liberty to set up such fact in his answer, but is bound to set it up for his own protection."

McPike Drug Co., v. Wilson, Mo.App., supra, 237 S.W. at p. 1045. We hold, therefore, that in raising this issue, garnishee Conner Farms, Inc., did not forfeit its right to attorney's fees.

Appellant next contends, however, that by raising other issues in addition to the jurisdictional question, garnishee Conner Farms, Inc. became an active litigant in the cause and therefore relinquished its right to attorney's fees.

The cases in Missouri are not clear as to when a garnishee crosses the line which separates the stake holder from the litigant. In Tombs v. Moore, 64 Mo.App. 667, garnishee was denied attorney's fees because he undertook to protect his creditor's exemption rights in addition to asserting lack of jurisdiction. Similarly, in Ferneau v. Armour, Mo.App., 303 S.W.2d 161, 169, this court stated:

"But where garnishee contests the denial of garnishee's answer, claims exemptions for the debtor, and denies the jurisdiction of the court garnishee can no longer be classified as a mere stakeholder but becomes a litigant and, *having lost*, is not entitled to indemnity for attorneys' fees, costs and expenses." (Emphasis supplied.)

However, these cases are distinguishable from the case before us in that in those cases the garnishee raising the jurisdictional question together with other issues was unsuccessful.

Under the Missouri Garnishment Statute, Section 525.240, RSMo 1969, V.A.M.S., the failure to recover judgment against the garnishee is a condition precedent to an award of attorney's fees to the garnishee. Garnishee Conner Farms, Inc. asserted a lack of jurisdiction of the trial court over its creditor Richard F. Conner and was suc-

cessful on that ground. Any further assertions contained in its motion were superfluous and should not therefore affect an award of reasonable attorney's fees to said garnishee.

■ Appellant contends that the amount of attorney's fees awarded garnishee Conner Farms, Inc. is excessive and unreasonable. Sec. 525.240 RSMo 1969, V.A.M.S. and Civil Rule 90.23, V.A.M.R., provide for "reasonable attorney's fees" to the successful garnishee. In interpreting what are "reasonable attorney's fees" the courts of this State have held that what is a reasonable fee is largely within the discretion of the trial court, and unless it appears that in making such an award the trial court has abused its discretion, the award will not be disallowed. Hoffman et al. v. Mechanics American National Bank of St. Louis, Mo.App., 287 S.W. 874.

The trial court is in the most favorable position to evaluate the legal services and make a proper allowance therefor. Flynn v. First National Safe Deposit Co., Mo., 284 S.W.2d 593, 594.

While each case in which the reasonableness of attorney's fees is questioned must stand on its own merits, certain cases ruled on by the courts of this State lend guidance as to what has been considered "reasonable" in the past. In 1956, this court approved an allowance of $500.00 to garnishee for attorney's fees, including the prosecution of a successful appeal by the garnishee. Gabler v. Continental Casualty, Mo.App., 295 S.W.2d 194. In Beneficial Finance Co. of Houston v. Yellow Transit Freight Lines, Inc., Mo.App., 450 S.W.2d 222, 228, a fee of $500.00 which was unchallenged by the plaintiff as to "reasonableness" when application for such fee was made in the reviewing court was permitted to stand. Application was made to this court subsequent to the filing of the transcript herein for additional attorney's fees incurred in the prosecution of this appeal. This application was denied. The amount allowed by

the trial court as attorney's fees to garnishee Conner Farms, Inc. is not excessive and the allowance is sustained.

■ The final point raised by appellant is that the trial court erred in ordering the sheriff to refund $496.22 paid to appellant by Conner Farms, Inc., because the sheriff was not a party to the suit and no such relief was requested by any party. While the sheriff is not a party to the suit as such, he was acting in his official capacity as an officer of the court when he received the money from the garnishee and he need not therefore be joined as a party before the court for whom he acted and may validly direct the return of the sums paid to him by the garnishee after the garnishment had been quashed. "An order quashing or dismissing a garnishment proceeding, dissolving the garnishment, or discharging the garnishee terminates the proceeding and effectually and conclusively destroys the right secured by the garnishment. . . . Also it releases the property garnished, discharges the garnishment lien thereon, and entitles the garnishee to possession thereof, or, in the case of money paid into court, to a return thereof." 38 C.J.S. Garnishment § 273, p. 545; Yeiser v. Cathers, Neb., 73 Neb. 317, 102 N.W. 612; Brandt et al. v. Rabenstein et al., 31 Ohio Cir.Ct.R. 48, aff'd 82 Ohio St. 408, 92 N.E. 1109. We rule this point against the appellant.

We, therefore, reverse and remand this case to the trial court with instructions to set aside its order of the 27th day of August, 1971, setting aside its judgment entered on April 7, 1971, on Counts II and III of appellant's petition against respondent Helen I. Conner and direct said court to reinstate said judgment of the 7th day of April, 1971, against her. We affirm the action of the trial court in all other respects.

BRADY, C. J., and WEIER and CLEMENS, JJ., concur.