**Terry L. SHORT and Theresa Short, Appellants,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, Respondent.**

**No. WD 46293.**

Missouri Court of Appeals, Western District.

Sept. 14, 1993.

Rehearing Denied Nov. 2, 1993.

Timothy L. Brake, Lantz Welch, P.C., Kansas City, for appellants.

Jeffrey A. Burns, Daryl J. Douglas, Shook, Hardy & Bacon, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and FENNER and HANNA, JJ.

LOWENSTEIN, Chief Judge.

The appellant, Terry Short, was an employee of Medevac Mid–America (Medevac). Short was working as a medic in an ambulance owned by Medevac when the accident bringing forth this case arose. At the time of the accident the ambulance was driven by a co-worker Andrea Robinson with Medevac's permission. Robinson fell asleep at the wheel, lost control of the vehicle and crashed into several parked cars and a tree. In the crash Short received serious injuries including a broken back and a concussion. Short filed for and received Workers' Compensation benefits from the employer and insurer for some $31,000 plus $42,853 in medical aid. Short and his wife, Theresa, filed suit against Robinson for damages. The respondent, Safeco Insurance Company of America (Safeco), had the insurance policy on Medevac and the ambulance, but refused defense of the suit against Robinson. The court awarded a

default judgment of $450,000 in favor of Terry Short and $50,000 in favor of Theresa Short against Robinson. Appellants attempted to collect on the judgment in an equitable garnishment against Safeco attempting to satisfy their judgements against Robinson through the policy issued by Safeco to Medevac. The trial court entered an order of summary judgment in favor of Safeco. This appeal followed.

■ At the heart of this appeal is the viability of the "fellow employee" exclusion contained in the Safeco policy issued to Medevac. The policy specifically excludes from coverage injuries, "to any fellow employee of the insured arising out of and in the course of his or her employment" (fellow employee exclusion), and "injury to any employee of the insured arising out of and in the course of his or her employment by the insured" (employee exclusion).

The policy contains an omnibus clause which defines who is an insured under the policy as 1) Medevac for any covered auto, or 2) anyone other than Medevac "while using the auto with Medevac's permission."

The policy also contains what is called a severability clause which states: " 'Insured' means any person … qualifying as an insured in the WHO IS INSURED section of applicable insurance. Except with respect to our limit of liability, the insurance afforded applies separately to each insured who is seeking coverage or against whom a claim is made…."

Disposition of the central issue in the case at bar is controlled by a recent handdown of the Supreme Court of Missouri, *Baker v. DePew*, 860 S.W.2d 318 (Mo. banc 1993). *Baker* involved similar facts with almost identical wording in the policy provisions discussed as that contained in the Safeco policy in dispute. There Baker, an employee of Holloway Construction Company was a passenger in a Holloway truck used to transport workers to and from a construction site. When the driver, DePew, a Holloway foreman, stopped suddenly Baker was injured. Following the accident Baker received workers' compensation benefits, filed suit against the driver DePew, got a default judgment and under the insurance policy between Hol-

loway and the insurer, Aetna, attempted to satisfy the civil suit damages. The policy language in *Baker* and the language in this case are practically word-for-word the same. The trial court granted summary judgment in *Baker* based on the "fellow employee exclusion". *Id.* at 319. By merely plugging in the names of the requisite persons or entities (here Short is the injured person making a claim, Robinson the fellow employee driver, using the vehicle with the employer's permission, and Medevac the common employer), the Supreme Court determined the driver was covered under the omnibus clause as an insured, having used the covered vehicle with the employer's permission. *Id.* at 320. The court ruled the severability clause provided the term "insured" refers to any person or organization who qualifies as an insured, but that the policy is applied separately to each such insured who is seeking coverage and against whom a claim for damages is brought. *Id.* at 320. The Court found both the company and the driver qualified as the "insured", but the decisive factor, under the policy was who was making the claim. In *Baker*, as is the case here, the driver is the one claiming benefit as insured so under the severability clause the driver is the insured. *Id.* at 320. Stating the severability clause could not expand the limits of liability past the limits of the policy, nor expand the exclusions provision, the court again plugged the names into the employee exclusion and the fellow employee exclusion. *Id.* Using the same technique here, the fellow employee exclusion would read "We will not cover— Exclusions. This insurance does not apply to: … Bodily injury to any fellow employee (Short) of the insured (Robinson) arising out of or in the course of his … employment". The *Baker* opinion relies on this court's opinion *Zink v. Employers Mut. Liability Ins Co*, 724 S.W.2d 561, 563 (Mo.App.1986), which defines " 'fellow employee' as used in this exclusion has the same meaning as 'another employee of the same employer' ". Under the fellow employee exclusion language and the law interpreting it the only requirement is the injured party, Short, and the insured, Robinson, have a common employer, Medevac, which they have. *Baker* at 321. In

upholding a summary judgment in favor the defendant based on the fellow employee exclusion, the Supreme Court held:

"... as the severability clause does not affect the fact of employment; it merely limits the persons to whom the term 'insured' applies. We have carefully analyzed the policy provisions and by our discussion demonstrated that the fellow employee exclusion clause, which provides that 'bodily injury to any fellow employee [Short] of the 'insured' [Robinson] arising out of and in the course of the fellow employee's [Short] employment,' clearly bars coverage in this instance".

*Id.* at 322–323. *Baker* controls on this point and therefore the point is denied.

In a somewhat related point, Short contends the fellow employee exclusion is void as against public policy upon enactment of the Missouri Motor Vehicle Financial Responsibility Law contained in Chapter 303, and particularly §§ 303.190.2(2) and 303.025.1, RSMo 1986. This court follows the Missouri Supreme Court and rejects this argument. *Id.* at 323–324.

Finally, the Short brief alleges the fellow employee exclusion of the Safeco policy contravenes § 190.115 and § 190.120, RSMo 1986, which cover insurance requirements for ambulances. The respondent correctly points out this point was not directly presented to the trial judge and is not preserved. Rule 84.16(a). The court will, however take up this argument.

Section 190.120.1(1), as pertinent, provides no ambulance license shall be issued or remain in effect "unless there is at all times in force and effect insurance coverage ... For injury to individuals in accidents resulting from any cause for which the owner of said vehicle would be liable on account of any liability imposed on him by law...." Section 190.115.1(7) referring to § 190.120 requires all ambulances to have insurance coverage. This statute was not violated because Medevac had appropriate insurance at the time of the accident. Additionally, the court rules these statues are not done violence by

the provisions of this policy of insurance and denies the point.

The judgment is affirmed.