Terry and Gwen **KILLIAN**, Rebecca Caldwell, Appellants,

v.

**STATE FARM FIRE & CASUALTY COM-PANY and State Farm Mutual Automobile Insurance Company, Respondents.**

**No. WD 49829.**

Missouri Court of Appeals, Western District.

June 20, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1995.

Elton W. Fay, Columbia, for appellants.

Kevin Schnurbusch, St. Louis, for respondents.

Before HANNA, P.J., and
LOWENSTEIN and SPINDEN, JJ.

SPINDEN, Judge.

Nine-year-old Rebecca Caldwell was riding a neighbor's moped when she crashed into a parked vehicle and was seriously injured. She and her parents, Terry and Gwen Killian, sued the insurers of the neighbor's house and automobiles, State Farm Fire & Casualty Company and State Farm Mutual Automobile Insurance Company, for payment for the girl's injuries. State Farm [1] contends that use of a moped was not covered by either its homeowner's or automobile insurance policies. The trial court agreed, and we affirm.

Caldwell decided to ride the moped on September 5, 1988, while attending a "back-to-school party" hosted by neighbors Jerry and Faye Hayes, State Farm's insureds. The Hayeses had given Caldwell and other children at the party permission to ride their moped. Caldwell rode in the Hayeses' subdivision where the streets were owned by a private corporation.

In October 1989, the Killians sued the Hayeses, alleging negligent supervision and negligent entrustment of the moped. In April 1992, the Hayeses confessed judgment for $12,247.87 in actual damages and $150,000 in exemplary damages for pain, suffering and permanent scarring. The court later struck the word "exemplary" from the judgment.

Nine months later, the Hayeses had not paid any of the judgment. The Killians filed the present equitable garnishment suit against State Farm. At the time of Caldwell's accident, the Hayeses had a homeowner's policy issued by State Farm covering their residence. They also had two automobile policies with State Farm covering their Ford Thunderbird and Lincoln Town Car. The Hayeses did not have a policy expressly covering their moped. Caldwell was not an insured on either the homeowner's or automobile policies.

The trial court tried the case without a jury. It entered findings of fact and conclusions of law and rendered judgment for State Farm, finding that neither the homeowner's policy nor the automobile policies provided coverage for Caldwell's injuries. The Killians appeal.

■ In their first point, the Killians complain that the trial court erred in finding that the Hayeses' homeowner's policy did not cover Caldwell's accident. They argue that the policy was an adhesion contract whose terms were ambiguous, and we should, therefore, construe the policy against State Farm to allow coverage.

■ Because the Killians "stand in the shoes" of the Hayeses, they had the burden of proving compliance with the policy terms. *Meyers v. Smith,* 375 S.W.2d 9, 15 (Mo.1964). The Killians' right to recover from State Farm is no greater and no less than the Hayeses' right. *McNeal v. Manchester Insurance and Indemnity Company,* 540 S.W.2d 113, 119 (Mo.App.1976). When an insurance company relies on a policy exclusion to assert noncoverage, it has the burden of proving that such an exclusion is applicable, and we will construe the exclusion clause strictly against the insurer. *Walters v. State Farm Mutual Automobile Insurance Company,* 793 S.W.2d 217, 219 (Mo.App.1990).

The Killians turn first to the homeowner's policy and contend that it covered Caldwell's injuries under Section II, Coverage M, which allowed coverage for bodily injury incurred in an accident off the insured location "caused by the activities of the insured." They argue that the phrase "activities of the insured" is ambiguous and should be construed strictly against State Farm to include the Hayeses' permitting Caldwell to ride the moped. They argue that Caldwell's injuries resulted from the Hayeses' "activities" of planning and hosting the party.

We disagree. State Farm proved that its policy exclusions disallowed coverage. The trial court cited two exclusions in the homeowner's policy as bases for denying the Killians' claim:

---

**1.** We will refer to both insurance companies collectively as State Farm. We will refer to the Killians and Caldwell collectively as the Killians.

1. Coverage L [personal liability] and Coverage M [medical payments to others] do not apply to:

. . . .

e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:

. . . .

(2) a motor vehicle owned or operated by or rented or loaned to any insured;

. . . .

f. bodily injury or property damage arising out of:

(1) the entrustment by any insured to any person;

(2) the negligent supervision by any insured of any person;

. . . .

with regard to the ownership, maintenance or use of any . . . motor vehicle (or any other motorized land conveyance) [.] [2]

■ Caldwell's injuries fit under exclusion 1.e.(2). The accident arose out of Caldwell's use of the Hayeses' moped. The moped fell within the definition of a "motor vehicle:" it was a motorized bicycle or similar type of equipment owned by an insured while off an insured location. This accident occurred off an "insured location" in that it was not on the premises of the residence, nor on any premise used by the Hayeses as a residence, and it was not on vacant land owned or rented by the Hayeses. The accident also fell under exclusions 1.f.(1) and (2) because it arose out of the Hayeses' entrustment of the moped to Caldwell and resulted from negligent supervision.

■ "An ambiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning" of the language in the policy. *Peters v. Employers Mutual Casualty Company*, 853 S.W.2d 300, 302 (Mo. banc 1993). We find no ambiguity in the exclusions. When interpreting an insurance policy, we do not have the authority to alter or rewrite the policy, and we cannot create an ambiguity where none exists. *Southern General Insur-*

ance Company v. WEB Associates/Electronics, Inc., 879 S.W.2d 780, 782 (Mo.App.1994).

■ The Killians argue that they and the Hayeses had a reasonable expectation that their homeowner's policy would cover accidents occurring at their house as a result of their activities. The Killians assert, "This activity of having a back-to-school neighborhood party would be one of those events where the insureds would desire liability coverage and would expect their policies of insurance sold to them by their State Farm agent to cover them and their invited guests."

We reject the argument. The objective reasonable expectations doctrine as a "rule provides the objective reasonable expectations of adherents and beneficiaries to insurance contracts will be honored even though a thorough study of the policy provisions would have negated these expectations." *Robin v. Blue Cross Hospital Service, Inc.*, 637 S.W.2d 695, 697 (Mo. banc 1982). We need not apply the doctrine to this case, however, because the doctrine should not be applied in a case in which the policy is unambiguous. *Rodriguez v. General Accident Insurance Company of America*, 808 S.W.2d 379, 382 (Mo. banc 1991).

■ In their second point, the Killians argue that the trial court's failure to order State Farm to pay for Caldwell's injuries was against public policy because the insureds provided a nine-year old with an inherently dangerous moped on the insured location. First, the Killians did not present the argument to the trial court. It was not preserved for our review. *Automobile Club Inter-Insurance Exchange v. Farmers Insurance Company*, 778 S.W.2d 772, 775 (Mo.App. 1989). Second, the Killians do not present persuasive evidence of a public policy requiring homeowner's coverage in these situations. The statutes they cite require individuals operating a moped on a public highway or street to obtain a license; they do not articulate the public policy asserted.

**2.** In the original policy, some of the words were in bold typeface. We have removed the emphasis.

The Killians then turn to their automobile policies in their third point and contend that the trial court erred in finding that the Hayeses, by not giving State Farm notice of the accident and their confession of judgment, breached the notice and cooperation clause of their automobile policies. The trial court held that this breach constituted waiver by the Hayeses and the Killians.

The Killians overlook the trial court's ruling that the moped was not an insured vehicle under the policies because it was not a "described vehicle" on the policies' declarations pages and because it was not a "car" as defined by the policies. They do not contest this finding. So, even if we were to hold that the court erred in finding that the Hayeses and the Killians waived recovery by failing to give notice to State Farm, the court's finding that the automobile policies did not cover the accident would block coverage.

For these reasons, we affirm the judgment of the trial court.

All concur.