### AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff–Respondent,

v.

### AS ONE, INC., a/k/a AS–1, Inc., Defendant,

and

### James Stepp, Defendant–Appellant.

### No. 26906.

Missouri Court of Appeals, Southern District, Division One.

April 24, 2006.

---

John O. Newman, Springfield, for Appellant.

Paula S. Green, Springfield, for Respondent.

NANCY STEFFEN RAHMEYER,
Presiding Judge.

James "Rick" Stepp ("Appellant"), appeals from an entry of summary judgment in favor of Respondent American Family Insurance ("American Family"). On October 30, 2001, Appellant was working with As One, Inc., a/k/a AS–1, Inc. ("As One"), when he was injured while using a "bucket truck," a truck with a hydraulic device permanently attached to the truck that allows the operator to raise, lower and move the bucket in which he is standing to reach various heights. At the time of the injury, As One did not have workers compensation available for its employees; however, American Family provided business automobile insurance to As One. The policy provided liability insurance on the "bucket truck" on which Appellant was working, a 1979 Chevrolet C70. The policy, however, excluded coverage for " 'bodily injury' " to an " 'employee' of the 'insured' arising out of and in the course of . . . [e]mployment by the 'insured'; or . . . [p]erforming the duties related to the conduct of the 'insured's' business." The definition section of the policy provides that the term "employee" includes:

> a "leased worker." "Employee" does not include a "temporary worker".
>
> . . . .
>
> "Leased worker" means a person leased to you by a labor[-]leasing firm under an agreement between you and the labor[-]leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker."
>
> . . . .
>
> "Temporary worker" means a person who is furnished to you for a finite time

period to support or supplement your workforce in special work situations such as "employee" absences, temporary skill shortages and seasonal workloads.

American Family brought an action for declaratory judgment against Appellant and As One[1] requesting that the trial court determine Appellant was not covered by the policy because he was an employee of As One. The court granted the Motion for Summary Judgment finding that Appellant was excluded from coverage under the policy. Specifically, the court found "[t]here [was] no evidence in the record upon which [Appellant] may be deemed a 'temporary employee' as defined in the Policy." Appellant appeals from this judgment.

Appellant raises two errors. In his first point relied on, Appellant contends the trial court erred in entering summary judgment in favor of American Family because Appellant was a temporary employee as defined by American Family's policy and therefore covered under the policy. In his second point relied on, Appellant claims the trial court erred in entering summary judgment in favor of American Family because there are genuine issues of material fact concerning whether: (1) Appellant was "furnished" to As One for work by himself or Stepp Electric Service, a business which Appellant owned as a sole proprietor; (2) Appellant was hired only for a finite period of time; and (3) Appellant was hired to supplement As One's workforce in a special work situation when Alan Kuhn, who ordinarily operated the bucket truck, was injured.

We shall address the points out of order as we find the second point to be disposi-

---

1. A Judgment by Default was entered against As One because As One failed to file an answer to American Family's declaratory petition. The judgment found that the automobile insurance policy sold to As One did not afford coverage for the claim filed by Appellant.

tive. When reviewing appeals from summary judgments, the reviewing court will review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The trial court's judgment is founded on the record submitted and the law, so this Court does not defer to the trial court's order granting summary judgment. *Id.* The standard for testing the propriety of summary judgment is the same standard as that which should have been employed by the trial court to determine whether to sustain the motion. *Deer Run Property Owners Ass'n v. Bedell,* 52 S.W.3d 14, 16 (Mo.App. S.D. 2001).

■ The propriety of summary judgment is an issue of law founded on the record submitted to the trial court. *Id.* A genuine issue of material fact exists where the record contains competent evidence that demonstrates two plausible but contradictory accounts of an essential fact. *Id.* at 17. A genuine issue means that the issue is real and substantial and consists of more than "conjecture, theory and possibilities." *ITT Commercial,* 854 S.W.2d at 378. If the moving party has a prima facie showing that there are not genuine issues of material fact and the movant is entitled to judgment as a matter of law, the adverse party must do more than rely on the allegations and denials of his pleadings. *Birdsong v. Christians,* 6 S.W.3d 218, 222 (Mo.App. S.D.1999). If a trial court grants summary judgment without specifying the basis upon which it was granted, the judgment will be sustained if it was appropriate under any theory. *Deer Run,* 52 S.W.3d at 17.

■ The requirements for motions for summary judgment are set forth by Rule 74.04(c)(1), which provides in pertinent part:

A statement of uncontroverted material facts shall be attached to the motion. The statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts.

Summary judgment "is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *ITT Commercial,* 854 S.W.2d at 380. When the record contains competent material that shows two possible but conflicting accounts of essential facts, then a genuine issue exists. *Deer Run,* 52 S.W.3d at 17.

■ We find that there are genuine issues of material fact whether Appellant was a temporary worker as defined by the policy. Respondent concedes that genuine issues exist as to whether Appellant was hired for a finite period of time and whether he was hired specifically to support or supplement a special work situation, but argues that it is entitled to summary judgment because there was no evidence provided to demonstrate how Appellant was "furnished" under the policy definition of "temporary worker." Respondent did not allege in its motion for summary judgment that Appellant was not "furnished" to it but rather contends that the issue is an issue of law. Respondent contends the word "furnished" contains a requirement as a matter of law that a third entity furnish the worker to the insured.

■ Appellant counters that there is no such requirement regarding a third entity in the word "furnished" and, thus, the word is ambiguous as defined by Respondent. He claims any ambiguity in the policy should be resolved against the drafter of the insurance policy. *See Krombach*

*v. Mayflower Ins. Co., Ltd.,* 827 S.W.2d 208, 210–11 (Mo. banc 1992) ("Language is ambiguous if it is reasonably open to different constructions and the language used will be viewed in the meaning that would ordinarily be understood by the layman who bought and paid for the policy."). He also argues that if there is a component to the word "furnished" that a third entity must supply the worker to the insured, he was "furnished" to As One by Rick Stepp Electric Service, a sole proprietorship. Thus, the initial question is whether the word "furnished," as a matter of law, mandates that a third entity supply a worker to the insured and, if it does, is there compliance with the policy if a sole proprietorship supplies the worker. As a case of first impression, we answer the first question in the negative and, therefore, find it unnecessary to address the second question.

In so deciding, we are guided by the case relied on by Respondent, *American Family Mut. Ins. Co. v. Tickle,* 99 S.W.3d 25 (Mo.App. E.D.2003). In *Tickle,* appellant challenged the judgment that he was not covered by a business insurance policy after he had been injured while working for the insured. *Id.* at 27. Appellant argued that an insurance policy, which defined "temporary worker" as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions," was ambiguous because it was not clear if the phrase "is furnished" applied to both persons "who substitute for a permanent employee" and "to those who meet seasonal or short-term workload conditions." *Id.* at 27, 30. The court, after examining the syntax and arrangement of the sentence, held that the verb "is furnished" applied to both clauses, "to substitute for a permanent employee on leave" and "to meet seasonal or short-term workload conditions." *Id.* at 30–31. The court

found the parallel infinitive phrases functioned as adverbs or verbal modifiers that modified the verb "is furnished" and both restricted the persons covered under the definition. *Id.* at 30. In other words, the complete separate phrases would be "is furnished to you to substitute for a permanent employee on leave" and "is furnished to you to substitute to meet seasonal or short-term workload conditions." The court further stated that the phrases had no meaning without the verb "is furnished." *Id.* at 31. The court concluded there were no issues of material fact because appellant conceded he was not furnished to the insured to meet seasonal or short-term workload conditions. *Id.* at 28, 31.

Similarly, this Court must closely examine the syntax and significance of the language in the policy. The word "furnished" is not defined in the policy. " 'When interpreting the language of an insurance policy, this Court gives a term its ordinary meaning, unless it plainly appears that a technical meaning was intended.' " *Martin v. U.S. Fidelity & Guar. Co.,* 996 S.W.2d 506, 508 (Mo. banc 1999) (quoting *Farmland Industries, Inc. v. Republic Ins. Co.,* 941 S.W.2d 505, 508 (Mo. banc 1997)). To determine a word's ordinary meaning, this Court looks to a standard English language dictionary. *Id.* If we look to the dictionary's definition of "furnish," we find, "To provide or supply with what is needed, useful or desirable." *Webster's Third New International Dictionary* 923 (1986). In the context of a worker, there is no requirement in "providing" or "supplying" or "furnishing," which mandates that the worker must be supplied, provided, or furnished to you by someone else. The worker furnishes himself to work. The extra requirement, which Respondent seeks to impose in the policy that the worker must be furnished by a third

entity, is not warranted by a plain reading of the policy. There simply is no requirement in the word "furnish," or in the policy, that indicates a third entity must furnish the specific worker.

A close reading of the policy assists in our analysis in that a specific definition is given for a "leased worker": " 'Leased worker' means a person leased to you *by a labor[-]leasing firm* under an agreement between you and the labor[-]leasing firm, to perform duties related to the conduct of your business. 'Leased worker' does not include a 'temporary worker'." (emphasis added). Because "leased worker" is a worker which is provided *by a labor-leasing firm,* the implication is that a "temporary worker" may be a person who is not supplied by an employment agency since the definition of "temporary worker" in the policy does not contain a similar phrase such as "furnished to you *by an employment agency.*"

In layman's terms, the policy in this case means a temporary worker is a person who works for a finite time period to support or supplement the workforce in special work situations such as employee absences, temporary skill shortages and seasonal workloads. The factual issues will be whether Appellant worked for a finite time period and to support or supplement the workforce in special work situations. Examples in the policy of those special work situations include employee absences, temporary skill shortage and seasonal workloads. The record demonstrates two plausible but contradictory accounts of essential facts; specifically, whether Appellant was working for a finite time period and whether it was to support or supplement the workforce in a special work situation.

We find there were issues of material fact and, therefore, summary judgment was improper. The judgment is reversed and remanded for further proceedings.

PARRISH, J., and BARNES, Senior J., concur.